IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RICKIE GREEN**                                                                                          **PETITIONER**

**VS.**                              **CASE NO. 5:18CV00028 BSM/PSH**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                                      **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller . You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Rickie Green ("Green"), an inmate in the custody of the Arkansas Department of Correction ("ADC"), brings this habeas corpus petition pursuant to 28 U.S.C. § 2254. Green's procedural history is not typical. In 2016, he entered guilty pleas in Lonoke County Circuit Court to the charges of residential burglary and theft of property. He was sentenced as an habitual offender to identical sentences of 240 months, with 108 months to be served in the ADC and 132 months of the term suspended. Because Green entered guilty pleas, a direct appeal was not available to him. Green sought collateral relief by filing a Rule 37 petition with the trial court in May 2016. In this petition he alleged his trial counsel was ineffective. The trial court denied Rule 37 relief, and Green's attempt to appeal that ruling was denied by the Arkansas Supreme Court due to his failure to file a

notice of appeal within 30 days of the trial court's decision.

In November 2016, Green filed a petition to correct an illegal sentence, arguing that his sentence assumed he was an habitual offender but the judgment did not reflect him to be an habitual offender. He also contended that the ADC wrongly determined he was required to serve 100 percent of his 108 month term without the possibility of parole. The trial court denied relief. On appeal, the Arkansas Supreme Court reversed and remanded the case, as set forth below:

> Green entered a plea of guilty to conspiracy to commit residential burglary and theft of property. He received identical sentences of 240 months for each offense; 108 months' imprisonment, with 132 months of the terms suspended. Green alleged in his petition that his sentence was illegal on its face under section 16–90–111 (Repl. 2016). He reasoned that the sentence stated on the judgment was calculated based on the assumption that he was a habitual offender, but the judgment did not reflect that he was sentenced as a habitual offender. He further asserted that the ADC had erroneously determined that he was required by statute to serve 100 percent of the 108–month term imposed without the possibility of parole.
>
> A circuit court's decision to deny relief under section 16–90–111 will not be overturned unless that decision is clearly erroneous. Section 16–90–111(a) allows the trial court to correct an illegal sentence at any time because a claim that a sentence is illegal presents an issue of subject-matter jurisdiction. [footnote omitted] *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524.
>
> We note that the felony information filed in Green's case stated that he was charged as a habitual offender with convictions for four or more prior felony offenses. Furthermore, the plea agreement set out that Green was pleading guilty as a habitual offender. When Green entered his plea, the court asked whether he understood that he was being "sentenced under a large habitual" and whether he had read, understood, and signed the plea agreement. Green replied in the affirmative. Nevertheless, the judgment that was entered after he pleaded guilty, a copy of which appears in the record in this appeal, did not have a checkmark in the box on the judgment to indicate that he was sentenced as a habitual offender.
>
> Conspiracy to commit residential burglary is a class C felony. *See* Ark. Code Ann. § 5–39–201(a) (Repl. 2013) (residential burglary is a Class B felony; pursuant to Ark. Code Ann. § 5–3–404(3); criminal conspiracy is a Class C felony if the object of the conspiracy is a Class B felony). Theft of property valued at between $1000 and $5000 is a Class D felony. A Class D felony carries a maximum penalty of 72 months' imprisonment. Ark. Code Ann. § 5–4–401(a)(5) (Repl. 2013). As stated, the judgment reflects that Green was sentenced to 240 months' imprisonment for each offense.
>
> We note first that even if Green was sentenced as a habitual offender for the Class D felony, the aggregate sentence imposed for that offense could not exceed 180 months. Ark. Code Ann. § 5–4–501(b)(2)(E) (Repl. 2013). Accordingly, this sentence, by any calculation, exceeded the statutory maximum. Regarding the Class C felony, unless Green was sentenced as a habitual offender, which the sentencing

> order failed to indicate, his sentence exceeded the statutory maximum of 120 months' imprisonment. A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Bell v. State*, 2017 Ark. 231, 522 S.W.3d 788. Accordingly, the circuit court clearly erred when it denied Green's petition to correct his illegal sentence.
>
> Because the circuit court clearly erred, we reverse and remand this case to the circuit court for further proceedings consistent with this opinion. Upon remand, the circuit court has full authority to correct Mr. Green's illegal sentence. Ark. Code Ann. § 16–90–111. The circuit court may either reduce Mr. Green's sentence to no more than the statutory maximums for each offense, or indicate on the sentencing order that he was sentenced as a habitual offender and adjust the aggregate sentence for the theft of property conviction. Such fact-finding is outside of this court's appellate jurisdiction. *See Looper v. Madison Guar. Sav. & Loan Ass'n*, 292 Ark. 225, 227–28, 729 S.W.2d 156. 292 Ark. 225, 729 S.W.2d 156, 157 (1987) (holding "we are an appellate court; we do not retry cases.")
>
> Green argues that the ADC has misapplied certain statutes in calculating whether he is eligible for parole. The claim is not a ground for relief under section 16–90–111 because the ADC's determination concerning parole eligibility does not call into question the legality of the original judgment in the case.

*Green v. State*, 2017 Ark. 361, 1–4.

Green returned to Lonoke County Circuit Court in January 2018 and entered into an Amended Guilty Plea Agreement on the charges of conspiracy to commit residential burglary and theft of property. He was sentenced to 72 months, with 48 months suspended, on the conspiracy charge, and sentenced to 72 months for theft, with the sentences to run concurrently.

In his federal habeas corpus petition, Green contends he should not be required to serve 100% of his sentence because he has only one prior conviction for a violent crime, because the state court never ordered him to serve the entire sentence, and because service of the total term violates his right to be free from double jeopardy.

Respondent Wendy Kelley ("Kelley") counters the petition, asserting it should be dismissed because it does not implicate a federal constitutional right. Kelley is correct.

Habeas corpus relief under 28 U.S.C. § 2254 is available "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As a result, our inquiry is whether a federal constitutional violation has occurred. There

3

can be no federal constitutional violation absent a federally protected liberty interest. The existence of a federally protected liberty interest in serving less than the full term of a criminal sentence is a decided issue: there is no protected liberty interest in the possibility of being granted parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979).

It is possible that a state could create a federally protected liberty interest in the process of establishing a parole system. *Board of Pardons v. Allen*, 482 US. 369 (1987). Arkansas has not done so. *See Mason v. Hobbs*, 2015 Ark. 20, and *Hamilton v. Brownlee*, 237 Fed.Appx. 114 (8th Cir. 2007) (unpub.). Green has no liberty interest in serving less than his full sentence. To the contrary, "[w]hen a prisoner is committed to the custody of a state penal authority (*e.g.,* the ADC), he can be assured of only one thing—that he will be released from the State's custody at the end of the term of years specified by the sentencing court." *Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995).

Green's assertion of a double jeopardy violation is simply another way of stating his first point – that he should not serve the full term of imprisonment. His 72 month sentences were imposed in 2018 for the crimes of conspiracy to commit residential burglary and theft of property. Green was not given multiple punishments for a single crime. *Jones v. Thomas*, 491 U.S. 376 (1989). Further, a prior conviction (e.g., Green's earlier conviction for first degree battery) may affect an inmate's parole eligibility without violating his right to be free from double jeopardy. *See Ark. Code Ann. § 16-93-609*; *Spencer v. State of Tex.*, 385 U.S. 554, 560 (1967) (statutes requiring recidivists to serve an enhanced sentence do not violate right to be free from double jeopardy).

In this instance, Green was sentenced to a total of 72 months' imprisonment. There is no allegation that this sentence has been increased. Green possesses no federally protected liberty interest in serving less than the sentence imposed. As a result, he states no cognizable claim for habeas corpus relief. On that basis, we recommend the petition be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 9th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE